# PROMISSORY NOTE DISCLOSURE STATEMENT
## Guaranteed Student Loan Program

Washington, District of Columbia

Principal Amount — $ **2000**  Prepaid Finance Charge $ **96.67** (guarantee fee)  Amount Financed $ **1903.33**

Date on which Prepaid Finance Charge begins to accrue **3-31-81** (This date need not be included if it is the same as the date of the transaction)

**ANNUAL PERCENTAGE RATE**  A) Prior to beginning of repayment period **1** %  B) During repayment period **9** %

The undersigned, **Jeffrey L. Murdock**, hereinafter called the "maker," promises to pay to the order of **Higher Education Loan Program of Washington D.C. Inc.**, hereinafter called the "lender," at its office located at **1001 Connecticut Ave. NW**, the sum of $ **2000**, or such lesser amount as may actually be owing, with interest on the unpaid principal balance at the rate of **nine Percent** per annum, together with authorized late charges and, in the event of default, costs of collection and reasonable attorneys' fees to the extent allowed by law; provided, however, that interest shall be payable by the undersigned only from the date on which the repayment period determined in accordance with paragraph II below begins, except during any of those periods described in paragraph IV(2) below. From the date hereof until the beginning of such repayment period and during any of the periods described in paragraph IV(2), interest shall accrue and be payable by the Secretary of Education of the United States (hereinafter called the "Secretary").

I. On all sums advanced pursuant to this note, the lender has applied for loan guarantee under the Guaranteed Student Loan Program of the Higher Education Assistance Foundation, (hereinafter called the "Foundation"). Such terms of this note as are subject to interpretation shall be construed in the light of Subchapter IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act. This note is subject to the provisions of the Lender Agreement between the lender and the Foundation.

II. Subject to the following exception, repayment of the unpaid principal balance of this note, with interest, shall be made over a period commencing **6** months after the date on which the maker ceases to carry, at an eligible institution (as defined in the Act) at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. All payments made by the maker shall be applied first against accrued interest and thereafter in reduction of principal.

EXCEPTION: The maker and lender, during the **6** month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years.

III. The maker agrees to pay the lender, in addition to interest and principal when due, an amount equal to the fee that the lender is required to pay to the Foundation in order to provide guarantee coverage on this note from the date of execution hereof to the date on which final payment of this note is made. This fee is equivalent to one percent (1%) per annum of the above-disclosed Principal Amount of this note and is calculated on the basis of the number of months the maker is projected to carry at least one-half of the normal full-time academic work load at an eligible institution plus an addition... payable immediately and is deducted from the Principal Amount of this no... difference between the Principal Amount and the Prepaid Finance Char...

MURDOCK, JEFFREY, L
CLAIM NO 1990C50000664  10-11-89
SSN 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  TD  1

IV. This note is subject also to the following conditions:

(1) The maker may at his/her option and without penalty prepay all thereon at any time. In the event of prepayment in full, the maker shall ☐ the Sum of Digits Formula (rule of 78ths), ☑ other (identify) **Simple Interest, Actual Daily Accrual**

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (as described above) during, and for six (6) months following, any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Secretary, or pursuant to a rehabilitation training program approved by the Secretary, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment, (E) not in excess of three years in which the maker is in service as a volunteer under the Peace Corps Act or (F) any other period as may be authorized by the Act. Any period described in A, B, C, D, E or F shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans guaranteed under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding guaranteed loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid principal amount plus accrued interest thereon shall become immediately due and payable, together with, to the extent allowed by law, all costs and charges of collection, including all reasonable attorneys' fees. This acceleration is at the option of the lender or any other holder of this note and only after compliance by the holder with applicable notice and other requirements of state law, and if delinquency is not cured under state law.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Secretary.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be specified by law may be charged on any payment made later than 10 days after the due date.

...study. In...event repayment of principal, together
with either: (1) ...ment... subject to... ...and... ...e an... ...maker agrees to ex-
ecute prior to commencement of the repayment period; or (2) a repayment schedule which the maker hereby expressly authorizes the
lender to establish prior to commencement of the repayment period and which will be incorporated herein and made a part of this note.

(9) In no event is any portion of the Prepaid Finance Charge (guarantee fee) subject to refund.

v. The maker has received an exact copy of this Promissory Note and Disclosure Statement.

**NOTICE TO CONSUMER:**
1. Do not sign this Promissory Note before you read it.
2. You are entitled to a copy of this Promissory Note.
3. You may prepay the unpaid balance at any time without penalty.

My Commission Expires May 31, 1985
The foregoing instrument was acknowledged before me
This _24th_ day of _March_ 19_81_
By _Jeffrey L. Murdock_  _Milagros Felix_
      Name of Maker        Notary Public

Signature: _Jeffrey Murdock_
Address: _221 51st Street N.E._  _Washington_  _3-24-81_

Signature
Address

HEAF Form 204, 12/80, (Replaces HEAF Form 203, 3/79)

PLAINTIFF'S EXHIBIT A